UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RYAN CORDEIRO,<br>ASHLEY CORDEIRO,<br>   *Plaintiffs,*<br><br>v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC,<br>KORDE & ASSOCIATES, PC,<br>   *Defendants.* | )<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§1441 and 1446, Defendant

Carrington Mortgage Services, LLC ("Carrington") hereby removes the above-captioned action

from the Kent County Superior Court of the State of Rhode Island to the United States District

Court for the District of Rhode Island pursuant to this Notice of Removal, in further support of

which Carrington states as follows:

  1.  Carrington is named as defendant in a civil action filed by Plaintiffs Ryan

Cordeiro and Ashley Cordeiro ("Plaintiffs"), which is pending in Kent County Superior Court

and entitled <u>Ryan Cordeiro, Ashley Cordeiro v. Carrington Mortgage Services, LLC, Korde &</u>

<u>Associates, PC</u>, C.A. No. KC-2019-0495.  Attached as **Exhibit A** is the Summons, the exhibits

to the Complaint, and all other papers served upon Carrington on August 28, 2019.  <u>See</u> Ex. A.

A copy of the Complaint that was filed by Plaintiffs with the Kent County Superior Court on or

about May 2, 2019 is attached hereto as **Exhibit B**.[1]

  2.  This suit is of a wholly civil nature.  The action is pending in Superior Court,

---

[1]  The Complaint itself has not been formally served on Carrington to date.  Carrington
reserves all defenses, including related to insufficient service.

{K0805344.3}

located in Kent County, State of Rhode Island.  The Complaint alleges conduct concerning a property located in the State of Rhode Island described as 38 Rock Street, Tiverton, Rhode Island (the "Property").  Accordingly, under 28 U.S.C. §§120 and 1441(a), the United States District Court for the District of Rhode Island is a proper forum for removal.

3.      The United States District Court has original subject matter (federal question) jurisdiction over this action pursuant to 28 U.S.C. §1331.  The Complaint asserts eight Counts, all of which arise or substantially arise under the laws of the United States.  Specifically, the eight counts in the Complaint arise or substantially arise under the following federal laws and/or regulations as follows:  U.S. Department of Housing and Urban Development ("HUD") Regulations, 24 CFR Part 203 *et seq.*, form the basis for Counts I-III (asserting claims for breach of contract, declaratory judgment and injunctive relief, respectively); Counts IV-V assert violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); Count VI asserts a violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); and Counts VII-VIII assert violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and Regulation X enacted thereunder.  See Ex. A, Compl., at ¶¶ 13-224.  The Complaint "necessarily raises a federal question" that is actually disputed and substantial.  See Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Environmental Management, 585 F.3d 42, 49-51 (1st Cir. 2009).[2]

4.      The United States District Court also has original jurisdiction over this action pursuant to 28 U.S.C. §1332 due to diversity of citizenship of the parties and an amount in

---

[2]      This Court also has supplemental jurisdiction over any state law claims Plaintiffs assert in the Complaint, including for breach of contract, pursuant to 28 U.S.C. § 1367.  Any state law claims are inextricably related to the federal claims, form part of the same case or controversy as the claims arise under federal law, and do not raise novel or complex issues of state law.

controversy that exceeds the jurisdictional amount.

5.      There is complete diversity of citizenship between Plaintiffs and the defendants in this action.  Specifically, both Ryan and Ashley Cordeiro are alleged to be individuals who reside at the Property in Rhode Island, are domiciled in Rhode Island, and, thus, are Rhode Island citizens.  (See Ex. B, Compl., at ¶ 1).

6.      Carrington is, and is alleged to be, a Delaware limited liability company with its principal place of business in Anaheim, California.  (See Ex. B, Compl., at ¶ 2).  "…[T]he citizenship of a limited liability company 'is determined by the citizenship of all its members.'" D.B. Zwirn Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011) (quoting Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54-55 (1st Cir. 2006)).  Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding Company, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose sole member is The Carrington Companies, LLC.  Carrington Investment Partners, L.P. is a Delaware limited partnership with its principal place of business in Greenwich, Connecticut, whose general partner is Carrington Capital Management, LLC.  Carrington Investment Partners, L.P.'s sole limited partner is a private individual who is not a citizen of the State of Rhode Island.  Carrington Capital Management, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose members are Carrington Holding Company, LLC and a private individual. The private individual is not a citizen of the State of Rhode Island.  The Carrington Companies, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut. The Carrington Companies, LLC's members are three private individuals who are not citizens of the State of

Rhode Island.  Therefore, Defendant Carrington is not a citizen of the State of Rhode Island.

7.      Defendant Korde & Associates, PC ("Korde"), is alleged to be a Massachusetts professional corporation, with a principal office located at 900 Chelmsford Street, Suite 3102, Lowell, MA 01851-8100.  (See Ex. A, Compl., at ¶ 3).  For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated as well as the state where it has its principal place of business.  28 U.S.C. § 1332(c); Daimler AG v. Bauman, 571 U.S. 117, 137 (2014); see also Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737 (7th Cir. 2004) and Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc., 710 F.2d 87, 89 (2d Cir. 1983) ("Professional" corporations are treated like any other corporation for the purpose of determining diversity of citizenship jurisdiction).  Therefore, Korde is not a citizen of the State of Rhode Island.

8.      Because Plaintiffs are citizens of the State of Rhode Island, and because Carrington and Korde are not citizens of the State of Rhode Island, complete diversity of citizenship exists between plaintiffs and defendants.

9.      The value of the matter in controversy exceeds $75,000, exclusive of interest and costs.  The Complaint seeks, inter alia, equitable relief in the form of a declaratory judgment rescinding and declaring void a purchase and sale of the Property which occurred on July 24, 2018 in the amount of $204,342.51.  (See Ex. A, Compl., at ¶¶ 61-63 ("[t]he failure of Carrington to comply with the HUD regulations incorporated into the terms of the Plaintiff's mortgage rendered the purported foreclosure void" and the "purported foreclosure deed recorded in the Town of Tiverton should be vacated and rescinded.") & Foreclosure Deed dated July 24, 2018, recorded in the Newport County Registry of Deeds at Book 1686, Page 44, attached hereto as **Exhibit C** (indicating the purchase and sale of Property for recited consideration in the

amount of $204,342.51)).  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977).  The Complaint also challenges the enforceability of a mortgage with a face value of $169,866.00 via acceleration and foreclosure, (see Compl., Ex. B, at Ex. A (Mortgage)), and related to the Property which is worth in excess of $190,000.  See Town of Tiverton, Rhode Island, Property Record Card, attached hereto as **Exhibit D** (reflecting an assessed value for the Property of $193,700 in 2018).  "In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction." Morse v. Residential Credit Sols., Inc., No. 11-cv-12275-RWZ, 2012 WL 458492, at *1 (D. Mass. Feb. 13, 2012) (citing Bedard v. Mortgage Elec. Registration Sys., Inc., No. 11-cv-117-JL, 2011 WL 1792738, at *3 (D.N.H. May 11, 2011) (collecting cases)); accord McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012) (considering both property value and the face value of a mortgage in reviewing the amount in controversy for purposes of diversity jurisdiction).  Therefore, the object of the litigation—and, thus, the amount in controversy—well exceeds $75,000.00.

10.     Carrington is filing this Notice within 30 days of service of the Summons, and within the time for filing this notice.  See 28 U.S.C. §1446; see also Novak v. Bank of New York Mellon Trust Co., 783 F.3d 910, 911 (1st Cir. 2015) (holding that a "defendant's statutory period to remove does not begin to run, and a defendant is not *required* to remove, until the defendant has been served.") (emphasis in original) (citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999)).

11.     Korde consents to removal.

12.     Carrington will file a copy of this Notice with the Clerk of the Kent County Superior Court, and will serve a copy of the Notice of Removal on the Plaintiff.  A copy of the Notice is attached hereto as **Exhibit E** and is incorporated herein.

13.     Carrington will cause to be filed a certified or attested copy of the state court record with this Court within fourteen (14) days after the filing of this Notice, or promptly upon receipt from the Clerk of the Kent County Superior Court, in accordance with LR cv 81(a).

WHEREFORE, Carrington gives notice that the above action now pending in the Superior Court of the State of Rhode Island, Kent County, is removed from that Court to this United States District Court for the District of Rhode Island.

Respectfully submitted,

**CARRINGTON MORTGAGE SERVICES, LLC,**

By its attorneys,

/s/ Christian B.W. Stephens
Christian B.W. Stephens (R.I. #7537)
Carson M. Shea (R.I. #9744)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
Two International Place, 16th Floor
Boston, MA  02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
cstephens@eckertseamans.com
cshea@eckertseamans.com

Dated:  September 26, 2019

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are as non-registered participants.

Date:  September 26, 2019          /s/ Christian B.W. Stephens
                                   Christian B.W. Stephens