UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
RYAN CORDEIRO and ASHLEY           )
CORDEIRO,                          )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )        C.A. No. 19-510 WES
                                   )
CARRINGTON MORTGAGE                )
SERVICES, LLC, et al.,             )
                                   )
        Defendants.                )
_____)

## <u>MEMORANDUM AND ORDER</u>

WILLIAM E. SMITH, District Judge.

Before the Court is Defendant Carrington Mortgage Services, LLC's Motion for Judgment on the Pleadings, ECF No. 14.  For the reasons set forth below, the Motion, ECF No. 14, is GRANTED.  Also before the Court is Defendant Korde & Associates, P.C.'s Motion to Dismiss, ECF No. 7.  For the reasons set forth below, the Motion, ECF No. 7, is GRANTED IN PART and DENIED IN PART.

I.   BACKGROUND

Plaintiffs Ryan Cordeiro and Ashley Cordeiro ("the Cordeiros") reside at 38 Rock Street in Tiverton, Rhode Island. Complaint ("Compl.") ¶ 1, ECF No. 1-2.  Mr. Cordeiro financed the purchase of this property with an "FHA mortgage" from Bank of America, N.A., in the amount of $169,806.00.  <u>Id.</u> ¶¶ 5, 15, 156-58; Compl. Exs. A and B, Mortgage and Promissory Note, ECF No. 1-

1.   According to the terms of the mortgage, the rights of acceleration and foreclosure are limited by regulations issued by the Department of Housing and Urban Development ("HUD").  Compl. ¶ 18; Compl. Ex. A, Mortgage § 9(d).  At some point before the events in dispute here, Carrington Mortgage Services, LLC ("Carrington") came to hold the mortgage.  See Compl. ¶ 42; Compl. Ex. D, Foreclosure Deed, ECF No. 1-1.

Korde & Associates, P.C. ("Korde") is a Massachusetts-based law firm retained by Carrington.  See Compl. ¶¶ 3, 14.  Korde engages in a range of consumer debt collection activities.  Id. ¶¶ 9-11.  In May 2018, Korde sent a letter to Mr. Cordeiro, alerting him that it was commencing foreclosure on the property at Carrington's behest.  Id. ¶ 14; Compl. Ex. C, Notice of Sale, ECF No. 1-1.  The letter provided the time, date, and place of sale, and contained a copy of the notice of sale, along with the dates on which the notice would run in a local newspaper.  Compl. Ex. C, May 2018 Letter, ECF No. 1-1.  At the time the letter was sent, Carrington had not facilitated a face-to-face meeting with Mr. Cordeiro, nor attempted to do so, nor had it pursued other loss mitigation efforts.  Id. ¶¶ 20-21, 26, 32, 34, 39-41.  Carrington was required to take such steps per the HUD regulations incorporated into Mr. Cordeiro's FHA mortgage.  Id. ¶ 45.

Korde subsequently conducted the foreclosure on Carrington's behalf, which culminated in an auction on June 28, 2018, at which

Carrington purchased the property.   Id. ¶¶ 42-43, 93-94. Carrington executed a foreclosure deed on July 24, 2018.   Compl. Ex. D, Foreclosure Deed.   The deed was recorded in the Land Evidence Records of the Town of Tiverton on August 6, 2018.   Compl. ¶ 43.   Shortly thereafter, on August 15, 2018, Korde sent to Mr. Cordeiro, Ms. Cordeiro, and two unnamed individuals a Notice of Termination of Tenancy, which ordered them to vacate the property and deliver control to Carrington by October 1, 2018.   Id. ¶ 125, 127; Compl. Ex. E, Notice of Termination of Tenancy, ECF No. 1-1.

When the Cordeiros failed to comply, Carrington, through Korde's representation, filed an eviction action against them in Rhode Island District Court.   Compl. ¶ 119.   Carrington asked for use and occupancy damages beginning July 24, 2018, ostensibly the date of the foreclosure deed's execution and delivery.   Id. ¶ 131; Compl. Ex. F, Complaint for Eviction of Tenant by Sufferance 3, ECF No. 1-1.

On November 25, 2018, aiming to ascertain the owner and master servicer of the mortgage, Mr. Cordeiro's attorney sent a letter to Carrington by certified mail.   Compl. ¶¶ 159, 162.   The letter stated that the request was made pursuant to the disclosure requirements of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f).   Id.; Compl. Ex. G, Request for Information Pursuant to Section 15 U.S.C. 1641(f), ECF No. 1-1.   Carrington responded on December 7, 2018, indicating that it was the "current investor/note

holder." Compl. ¶ 165; Compl. Ex. I, Response to TILA Request, ECF No. 1-1.

On January 19, 2019, Mr. Cordeiro's attorney sent two more letters to Carrington by certified mail, each constituting a notice of error under Regulation X, 12 C.F.R. § 1024.35. Compl. ¶¶ 184-88; Compl. Exs. J and L, Regulation X Notices of Error, ECF No. 1-1. The first letter communicated Mr. Cordeiro's belief that Carrington had violated Regulation X by foreclosing on his home without satisfying HUD requirements, and that Carrington had wrongly assessed fees and costs associated with its supposedly unlawful foreclosure. Compl. ¶ 187. The second letter communicated Mr. Cordeiro's belief that Carrington had violated Regulation X by failing to respond to the November 2018 TILA disclosure request in a timely and proper fashion. Id. ¶¶ 210-215. Carrington did not respond to either notice of error. Id. ¶¶ 189, 215.

The Cordeiros filed suit against Carrington and Korde in Kent County Superior Court on May 2, 2019. See generally Compl. Against Carrington they alleged breach of contract (Count I) and sought declaratory and injunctive relief related thereto (Counts II and III); they also alleged violations of TILA (Count VI) and the Regulation X of the Real Estate Settlement and Procedures Act (Counts VII and VIII). Id. ¶¶ 13-73, 150-224. Against Korde they

4

alleged multiple violations of the Fair Debt Collection Practices Act ("FDCPA") (Counts IV and V).  Id. ¶¶ 74-149.

The case was subsequently removed to this Court.  On October 7, 2019, Korde filed a motion to dismiss for failure to state a claim.  Def. Korde & Associates, PC Mot. to Dismiss, ECF No. 7. On November 22, 2019, Carrington filed a motion for judgment on the pleadings.  Mot. for Partial J. on the Pleadings of Def. Carrington Mortgage Services, LLC ("Carrington Mot."), ECF No. 14. The Court addresses both Motions in this Memorandum and Order.

II.  STANDARD OF REVIEW

Although filed as a motion to dismiss, the Court treats Korde's Motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because Korde filed it after its Answer, and even refers to its Answer in the Motion's supporting memorandum.  See Parker v. Landry, 935 F.3d 9, 13 (1st Cir. 2019).

A motion for judgment on the pleadings is "accorded much the same treatment" as a motion to dismiss for failure to state a claim.  Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54 (1st Cir. 2006).  Well-pleaded allegations are taken as true and all reasonable inferences are drawn to the nonmovant's advantage. Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988). Conclusory allegations are set aside.  Morales-Cruz v. Univ. of Puerto Rico, 676 F.3d 220, 224 (1st Cir. 2012).  The Court may consider "documents the authenticity of which are not disputed by

the parties; . . . documents central to the plaintiffs' claims; [and] documents sufficiently referred to in the complaint."[1] Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (alterations in original) (internal quotation marks omitted). Ultimately, the question is whether the nonmovant sets forth a plausible claim for relief: that is, one that rises "above the speculative level." Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). To the extent Defendants raise 12(b)(1) challenges, the principles are the same as those articulated above. See Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012).

III.  DISCUSSION

  A.  Carrington Motion for Judgment on the Pleadings

The Court starts with Carrington's Motion for Judgment on the Pleadings with respect to all counts as brought by Ms. Cordeiro, and with respect to Counts III and VI-VIII as brought by Mr. Cordeiro.[2]

---

[1]   The documents attached to the Complaint satisfy these criteria. See Pimental v. Wells Fargo Bank, N.A., No. CA 14-494S, 2015 WL 5243325, at *4 (D.R.I. Sept. 4, 2015), report and recommendation adopted, No. CV 14-494S, 2016 WL 70016 (D.R.I. Jan. 6, 2016).

[2]   The Cordeiros have stated explicitly that Counts IV and V pertain only to Korde.  Obj. to Carrington 4-5.

1. The Claims as Brought by Ms. Cordeiro

Based on the Complaint and the undisputed documents, no agreement exists between Carrington and Ms. Cordeiro; thus, there can be no action for breach of contract. See Barkan v. Dunkin' Donuts, Inc., 627 F.3d 34, 39 (1st Cir. 2010) (citing Petrarca v. Fid. & Cas. Ins. Co., 884 A.2d 406, 410 (R.I. 2005)). Without the substantive claim for breach of contract, Ms. Cordeiro has no basis for equitable relief. See Young v. Wells Fargo Bank, N.A., 828 F.3d 26, 35 (1st Cir. 2016). Moreover, as will be discussed below, the TILA and Regulation X claims fail to adequately allege injury-in-fact. Therefore, the Court enters judgment in Carrington's favor with respect to Counts I-III and VI-VIII as brought by Ms. Cordeiro.

The Court next considers the Motion with respect to Counts III and VI-VIII as brought by Mr. Cordeiro.

2. Count III: Injunctive Relief

"A claim for injunctive relief is not a standalone cause of action." Doe v. Brown Univ., 166 F. Supp. 3d 177, 197 (D.R.I. 2016) (quoting Doe v. Salisbury Univ., 123 F. Supp. 3d 748, 770 (D. Md. 2015)). Therefore, the Court enters judgment in Carrington's favor as to Count III. If Mr. Cordeiro wishes to pursue injunctive relief as a remedy, he may request leave to amend the Complaint.

3.  Count VI: TILA

Mr. Cordeiro alleges that Carrington violated certain TILA disclosure requirements as set forth in 15 U.S.C. § 1641(f) and 1641(g).  Compl. ¶¶ 153-165.  Carrington responds that Mr. Cordeiro does not have standing to bring these TILA claims because he lacks an injury-in-fact.  Mem. of Law in Supp. of Mot. for Partial J. on Pleadings of Def. Carrington Mortgage Servs., LLC ("Carrington Mem.") 8-10, ECF No. 14-1.

A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016).  Pleading a technical violation of TILA will not by itself suffice to clear the Article III hurdle; rather, a plaintiff must allege an injury that is concrete and particularized.  See Pemental v. Bank of New York Mellon for Holders of Certificates, First Horizon Mortg. Pass-Through Certificates Series FHAMS 2004-AA5, No. CV 16-483S, 2017 WL 3279015, at *7 (D.R.I. May 10, 2017), report and recommendation adopted sub nom. Pemental v. Bank of New York Mellon, No. CV 16-483 S, 2017 WL 3278872 (D.R.I. Aug. 1, 2017).  Mr. Cordeiro's alleged damages are confined to expenditures of time and money related to bringing the TILA claims.  Compl. ¶¶ 166-74.  Such allegations do not satisfy the injury-in-fact requirement.  See St. Amour v. Fed. Home Loan Mortg. Corp., No. CV 18-254-WES, 2019

WL 1453055, at *2 (D.R.I. Apr. 2, 2019) (finding injury-in-fact requirement not satisfied by allegations of costs and fees arising from TILA litigation).  Therefore, the Court enters judgment in favor of Carrington as to Count VII.

4.  Counts VII and VIII: Regulation X

Mr. Cordeiro alleges that Carrington violated Regulation X by failing to timely and properly respond to requests for information and notices of error.  Compl. ¶¶ 189-90, 216-17.  For reasons stated in the preceding section, Mr. Cordeiro does not satisfy the injury-in-fact prong.  See Curtis v. Embrace Home Loans, Inc., No. CV 18-057-JJM-PAS, 2020 WL 2115987, at *3 (D.R.I. May 4, 2020) (finding injury-in-fact requirement not satisfied by allegations of litigation-related expenses and one suggestion of anxiety related to loss of home).  Therefore, the Court enters judgment in favor of Carrington as to Counts VII and VIII.

B.  Korde's Motion for Judgment on the Pleadings

Korde moves to dismiss both counts against it, which assert multiple violations of the FDCPA.  Count IV alleges violations of 15 U.S.C. §§ 1692e(5) and 1692f(6); Count V alleges violations of §§ 1692e(2), 1692e(5), and 1692e(10).  As noted above, Korde's Motion is treated as one for judgment on the pleadings.

1.  Meaning of "Debt Collector" under FDCPA

In relevant part, the FDCPA defines a "debt collector" as one who engages "in any business the principal purpose of which is the

collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). For purposes of Section 1692f(6) only, "[the] term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Id. The Supreme Court has clearly established that an entity is not subject to the FDCPA, save for Section 1692f(6), where it is simply engaged in nonjudicial foreclosure proceedings. See Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 1031 (2019).

2.   Count IV: Sections 1692e(5) and 1692f(6)

A "debt collector" may not make "threat[s] to take any action that cannot legally be taken or that is not intended to be taken", 15 U.S.C § 1692e(5), nor "tak[e] or threaten[] to take any nonjudicial action to effect dispossession or disablement of property" without "present right to possession of the property claimed as collateral through an enforceable security interest", id. § 1692f(6).

i.   Section 1692e(5)

The Cordeiros allege that Korde sent them a letter announcing the impending foreclosure of their property, published notices of sale in a local newspaper, and procured an auctioneer. Compl. ¶¶ 86, 93-94. These actions are steps in the nonjudicial foreclosure

10

process.  See Obduskey, 139 S. Ct.  at 1039.  Thus, for purposes

of this count, Korde does not fit within the primary definition of

"debt collector" and so is not subject to Section 1692e(5).

Therefore, the Court enters judgment in Korde's favor as to this

claim.  See Fitch v. Fed. Hous. Fin. Agency, No. CV 18-214-JJM-

PAS, 2019 WL 6840768, at *2-3 (D.R.I. Dec. 16, 2019) (holding that

law firm representing mortgagee in nonjudicial foreclosure did not

fit primary definition of debt collector under FDCPA).

　　　　ii.  Section 1692f(6)

　　　The Complaint alleges that Korde sent the May 2018 letter and

otherwise conducted foreclosure proceedings despite Carrington's

failure to fulfill certain HUD prerequisites incorporated into the

mortgage.  Compl. ¶¶ 14, 17-20, 25-27, 39-41; Compl. Ex. A,

Mortgage § 9(d); see also 24 C.F.R. 203.604.  Taking these

allegations as true and assuming the regulations were indeed

neglected, Carrington lacked present right of possession of the

property, since it was bound to fulfill the HUD requirements before

exercising its rights of acceleration and foreclosure.  See Dan-

Harry v. PNC Bank, N.A., No. CV 17-136 WES, 2018 WL 1083581, at *8

(D.R.I.  Feb.  27,  2018)  (characterizing  HUD  requirements

incorporated  through  paragraph  9(d)  as  "express  contractual

dut[ies]").  Because  Section  1692f(6)  applies  even  to  those

entities  enforcing  security  interests,  the  Cordeiros  state  a

plausible claim for relief under Section 1692f(6).

2.   Count V: Violations of Section 1692e(2), 1692e(5), and 1692e(10)

Under the FDCPA, a debt collector may not make a "false representation of [] the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2), nor "threaten to take any action that cannot legally be taken or that is not intended to be taken," id. § 1692e(5), nor "use [] any false representation or deceptive means to collect or attempt to collect any debt," id. § 1692e(10).

The Cordeiros argue that Korde violated these provisions by filing an eviction action that requested use and occupancy damages from the date of the execution of the foreclosure deed (July 24, 2018) rather than the date of the termination of tenancy (October 1, 2018).   Obj. 8-11.   This eviction action occurred after and apart from the nonjudicial foreclosure; therefore, for purposes of this count, Korde is a general purpose debt collector and subject to the FDCPA in its entirety.   "A synthesis of the existing cases . . . suggests that an eviction action can implicate the FDCPA, particularly where the eviction action includes some demand for payment tied to the property at issue."   O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 33 (D. Mass. 2014) (emphasis added). Such is the situation here.   Compl. ¶¶ 119-20.

i.   Section 1692e(5)

The Cordeiros do not state a cognizable claim under Section 1692e(5), which prohibits threats to take illegal action.   The

Complaint and the related documents make clear that Korde did not threaten to file an eviction action, but actually did so.  See Delawder v. Platinum Fin. Servs. Corp., 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005).  The Court therefore enters judgment in Korde's favor as to this claim.

    ii.   Sections 1692e(2) and 1692e(10)

    Whether the Cordeiros make out claims for relief under Sections 1692e(2) and 1692e(10) depends on whether they plausibly allege that Korde falsely represented the use and occupancy damages in the eviction action.  Under the Rhode Island Tenant and Landlord Act, damages for use and occupancy accrue subsequent to notice of termination of tenancy.  See Dellagrotta v. Dellagrotta, 873 A.2d 101, 113 (R.I. 2005).  The Cordeiros received notice of termination around August 15, 2018.  Compl. ¶ 125; Compl. Ex. E, Notice of Termination of Tenancy.  Yet the eviction action filed by Korde seeks use and occupancy damages beginning July 24, 2018.  Compl. ¶ 131; Compl. Ex. F, Complaint for Eviction of Tenant By Sufferance 3.  Thus, the Cordeiros plausibly state claims for relief under Sections 1692e(2) and 1692e(10).

IV.  CONCLUSION

    Based on the foregoing reasons, Defendant Carrington Mortgage Services, LLC's Motion for Judgment on the Pleadings, ECF No. 14, is GRANTED.  Korde & Associates, PC's Motion to Dismiss, ECF No. 7 - which the Court treats as a motion for judgment on the pleadings

– is GRANTED IN PART and DENIED IN PART.  It is GRANTED as to the claims under Section 1692e(5) in Counts IV and V.  It is DENIED as to the claim under Section 1692f(6) in Count IV and the claims under Section 1692e(2) and 1692e(10) in Count V.

IT IS SO ORDERED.

William E. Smith
District Judge
Date: June 19, 2020