```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
RYAN CORDEIRO,                      )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     C.A. No. 19-510 WES
                                    )
CARRINGTON MORTGAGE                 )
SERVICES, LLC, et al.,              )
                                    )
          Defendants.               )
_____)
```

**MEMORANDUM AND ORDER**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff seeks to alter the Court's June 19, 2020 Memorandum and Order, ECF No. 24, which granted in part and denied in part Defendant Korde and Associates' Motion to Dismiss, ECF No. 7; and granted Defendant Carrington Mortgage Services' Motion for Judgment on the Pleadings, ECF No. 14.  For the reasons set forth below, Plaintiff's Motion to Alter and Amend Judgment, ECF No. 25, is GRANTED IN PART and DENIED IN PART.

I.   Discussion

"To prevail on [a motion to alter a judgment], a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact."  Caribbean Mgt. Group, Inc. v. Erikon LLC, 966 F.3d 35, 44–45 (1st Cir. 2020) (citation and quotations omitted).  "A motion to reconsider should

not raise arguments which could, and should, have been made before judgment issued." Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 537 (1st Cir. 2011) (citation and quotation omitted)).

Plaintiff argues that the Court committed manifest error by determining that the Counts VI, VII, and VIII did not allege an injury-in-fact under Article III.[1] See Mem. In Supp. of Mot. to Alter J. ("Pl.'s Mem.") 4-14, ECF No. 25-1. For the reasons stated in the Memorandum and Order, the Court disagrees. See June 19, 2020 Mem. and Order 8-9, ECF No. 24.

In the alternative, Plaintiff argues that the Court committed manifest error by entering judgment for Defendant Carrington Mortgage Services on Counts VI, VII, and VIII instead of remanding those counts to the state court or dismissing without prejudice. See Pl.'s Mem. 14-23. Plaintiff is correct. Furthermore, Plaintiff made this argument previously. See Pl.'s Mem. In Supp. of Opp'n to Mot. for J. on Pleadings 13-16, ECF No. 23-1. A plaintiff's failure to plead a concrete injury deprives the Court of jurisdiction under Article III. See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). A court that does not have jurisdiction over a claim cannot rule on the merits of that claim. See Hochendoner v. Genzyme Corp., 823 F.3d 724, 736 (1st Cir.

---

[1] Those counts were pled solely against Defendant Carrington Mortgage Services.

2

2016). Therefore, it was manifest error to enter judgment on Counts VI, VII, and VIII.

Where a court determines that it cannot exercise Article III jurisdiction over certain counts in a case removed from state court, the court has the discretion to remand those counts and retain jurisdiction over the remainder of the case. See Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 391–92 (1998) (citing 28 U.S.C. § 1447(c)); Hughes v. City of Cedar Rapids, Iowa, 840 F.3d 987, 993 (8th Cir. 2016); Sprye v. Ace Motor Acceptance Corp., CV PX 16-3064, 2017 WL 1684619, at *7 (D. Md. May 3, 2017) (remanding one claim and deciding others on the merits); Dimitric v. Texas Workforce Comm'n, CIVA G-07-0247, 2008 WL 687463, at *9 (S.D. Tex. Mar. 11, 2008) ("It is generally recognized that partial remand is available in some circumstances." (citations omitted)). Under these circumstances, the Court concludes that a partial remand is warranted.

II. Conclusion

Pursuant to Rule 59(e), 28 U.S.C. § 1441(c), and 28 U.S.C. § 1447(c), judgment on Counts VI, VII, and VIII is withdrawn, and

those counts are remanded to the Kent County Superior Court. The Court retains jurisdiction over the remaining counts.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date:  February 22, 2021